[Fritsch *v.* City of Allegheny.]

case it has caused loss and damage to another: Turnpike Co. *v.* Rutter, 4 S. & R. 6 ; Erie City *v.* Schwingle, 10 Harris 384; McCully *v.* Clark, 4 Wright 399. Hence, in this case one question to be determined is, whether the municipality, acting through its officials, failed to exercise such reasonable care and diligence in not ascertaining the existence of this nuisance, and in not removing it prior to the injury sustained by the plaintiff. The evidence indicates this nuisance to have been lying in the immediate vicinity of several dwelling-houses. If this be so, it will be a fact for the jury to consider, as well as the extent of travel on the avenue. If it be one on which there is but little travel, and not compactly built upon, no such prompt duty to discover it would be imposed on the public officials as if it were in the heart of the city. Dense population and continuous travel on a street call for more care and watchfulness on the part of the authorities, than over streets not thus populated and used.

This action, however, does not rest on the fact that the carcass emitted an offensive odor, although that may be a circumstance to consider as bearing on the question of negligence in not removing it; but it rests on the alleged fact that it was negligently suffered to remain an unreasonable time, thereby causing fright to the horse of the plaintiff, and the injury and damage resulting therefrom.

The evidence discloses an active effort, by one living near the nuisance, to notify several officials on the afternoon and evening of the first day; but it appears to have been difficult to find any one to heed the complaint. The plaintiff was guilty of no negligence in not giving notice, for she had no knowledge of the nuisance until the moment at which she sustained the injury. It is true the declaration does not aver notice to the defendant, which prudence may have dictated should have been done, and which may still be done by amendment; yet it does expressly charge negligence.

The evidence was sufficient to have been submitted to the jury under proper instructions, and the learned judge erred in not taking off the judgment of nonsuit.

Judgment reversed and a *procedendo* awarded.

# Carlisle *versus* Bindley.

A bond was executed conditioned for the payment of a certain sum, which included an original debt, and the usurious interest calculated thereon. A judgment was obtained on a mortgage given as security for the bond. *Held,* that the judgment was conclusive, and usurious interest paid in settlement thereof could not be recovered back.

October 8th 1879.　Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.　GREEN, J., absent.

[Carlisle *v.* Bindley.]

Error to the Court of Common Pleas, No. 2, of *Allegheny county*: Of October and November Term 1879, No. 246.

Assumpsit by James D. Carlisle against John C. Bindley to recover $884.77 usurious interest.

The defendant had built houses for the plaintiff on land, the title to which was in plaintiff's wife. After the completion of the buildings, a settlement was made between the parties, and terms of payment and securities were agreed upon. The plaintiff gave his bond and a mortgage on the premises, in which mortgage the wife joined. Usurious interest was included in the bond and mortgage so given. Default having been made in payment, according to the terms of the mortgage, the defendant issued a *scire facias* on the mortgage, and obtained judgment thereon Feb. 16th 1877, for $11,835.23, and costs of suit. Under the terms of the mortgage execution could only issue for the instalments as they fell due. The last fell due November 1st 1881.

On the 15th of June 1877, Mr. Carlisle paid Mr. Bindley $9567, which the latter consented to take in full satisfaction of his judgment for $11,835.23, and thereupon the judgment on the mortgage was satisfied, and the bond was surrendered. This last payment included usurious interest on the original debt, to the amount of the verdict in this case, but included no such interest from the date of the judgment.

Defendant's counsel offered in evidence the record of the *scire facias* on the mortgage and the judgment thereon, and asked the court to instruct the jury that the judgment was a bar to plaintiff's recovery.

This instruction was refused *pro forma*, and a verdict rendered for plaintiff, subject to the opinion of the court on the question of law as to the record of the judgment and its effect. The court subsequently entered judgment for the defendant on the point reserved, Ewing, P. J., filing the following opinion:

"In Heath *v.* Page, 12 Wright 130, relied on by plaintiff's counsel, the question involved in this case does not appear to have been discussed by counsel, either in the District Court or in the Supreme Court. In that case judgment had been entered on the mortgage before the final conveyance of the land taken in payment of the debt.

"In his opinion on the question of law reserved, Judge Hampton seems to have had this question in his mind, and excludes it from that case, noting the fact that the absolute agreement to take the land at a specific price, in payment of the mortgage, had been consummated before the entry of the judgment, and this agreement he shows constituted the payment of the debt.

"In the Federal Insurance Company *v.* Robinson, 1 Norris 357, the Supreme Court decided, that where usurious interest had

[Carlisle *v.* Bindley.]

been paid on execution attachment, issued on a judgment confessed, the debtor could not recover the usurious interest so paid, not on the ground that it was a voluntary payment, but that the judgment confessed, and execution thereon was a conclusive adjudication of the matter. They did not decide whether or not a payment of a judgment confessed on bond and warrant of attorney, without execution issued, but including usurious interest, would be conclusive.

"But in Hopkins *v.* West, 2 Norris 109, that precise question came up, and it is held on good reason, that such a judgment is a conclusive adjudication that the amount stated in the judgment was due at the time stated.

"In the present case, so far as the mortgage was concerned, the judgment is a conclusive adjudication that the plaintiff then owed the defendant the amount of the judgment, falling due at the times therein specified.

"Had this judgment been entered on the bond, it is not pretended that the plaintiff could recover. It is not pretended that the mortgaged premises were not in fact worth as much, or more, than the debt paid. The evidence indicated plainly that it was worth more, and that the mortgage was a source from which the defendant was to be paid, and was in fact paid. He satisfied his judgment on payment of a much less amount, discounting liberally the instalments not presently due.

"In the absence of proof that the mortgaged premises, against which judgment was obtained, had been insufficient to pay the judgment we are unable to see any valid reason for distinguishing between the payment on a conclusive adjudication, as to the amount due on the mortgage, and a similar adjudication on the bond. The plaintiff had his day in court, where he should have raised the question he now asks to have adjudicated."

The entry of judgment was assigned for error by plaintiff, who took this writ.

*J. H. Baldwin*, for plaintiff in error.—A mortgage is the security for the debt, evidenced by note or bond; as between the parties it gives the mortgagee a title to the land—the creditor may have his action on his bond before, after, or at the same time with his scire facias on his mortgage, and, therefore, such scire facias is a proceeding *in rem*, and not an action *in personam*. Doubtless the debtor has a right to appear and interpose his defence to such proceeding; and doubtless such defence would have been made in this case, but for the new agreement between the parties, but he was under no obligation to do so. Suppose the security sold for a nominal sum the creditor has his right of action for the unpaid balance of his claim. Will it be pretended that the debtor cannot interpose his defence of usury to such an action? Would the judgment previously entered on the mortgage be a bar to such

[Carlisle *v.* Bindley.]

defence ?   Or, again, if after sale of the security, the debtor pays his bond and lifts it, will he not have his right of action for the usury paid ?   The argument of the court below is that the proof in this case indicated a value greater than the debt, and that in the absence of negative proof, that fact is to be assumed.   The court should have been governed by Heath *v.* Page, 12 Wright 130.

*Knox & Reed,* for defendant in error.—This court laid down the rule that usurious interest included in a judgment, whether adversary or confessed, cannot be recovered back by the defendant after he has paid the judgment in full : Hopkins *v.* West, 2 Norris 109 ; Insurance Co. *v.* Robinson, 1 Id. 357.

The plaintiff in error assumes that if the mortgaged property had sold for a nominal sum, the defendant would still have a right, in a suit for the deficiency on his bond, to set up the defence of usury.   This proposition we do not believe to be correct.   The authorities are to the contrary.   A judgment in one suit is conclusive in another for the same claim or demand : Yeomans *v.* Rexford, 11 Casey 273 ; Burke *v.* Miller, 4 Gray 114 ; Sparhawk *v.* Wills, 5 Gray 428 ; Cromwell *v.* County of Sac, 4 Otto 351 ; Lewis *v.* Nenzel, 2 Wright 222 ; Cist *v.* Ziegler, 16 S. & R. 282 ; Eastman *v.* Cooper, 15 Pick. 276.

The judgment of the Supreme Court was entered October 20th 1879,

PER CURIAM.—We affirm this judgment upon the opinion of the learned president of the court below.

Judgment affirmed.

# Williams *versus* Danziger.

By a written agreement signed by counsel it was agreed that an arbitration " shall be final and without exception or appeal." *Held*, that the parties were precluded thereby from exception or appeal. McCahan *v.* Reamey, 9 Casey 535, followed.

October 9th 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.   GREEN, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1879, No. 316.

In the court below Mrs. Sarah D. Williams brought an action of debt against Morris H. Danziger, to recover the first quarter's rent on an alleged parol lease.   The case was referred to arbitrators, under the Compulsory Arbitration Act, and it was agreed by the counsel of the different parties that the arbitration " shall be final and without exception or appeal."   An award was entered in favor of defendant, when plaintiff filed the exceptions which will